IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                  OPINION AND ORDER

        Plaintiff,

                                  09-cv-65-bbc
                                  08-cr-25-bbc-01

    v.

RAYMOND B. HUNT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Raymond B. Hunt was convicted in this court on July 29, 2008 of possession with intent to distribute cocaine. He has filed a timely motion for post-conviction relief, asserting that his conviction is invalid because his crime was not one over which the federal courts have federal jurisdiction.

      Defendant did not appeal from his conviction. As a general rule, a defendant who does not take a direct appeal from his conviction cannot raise issues in a post-conviction motion that he could have raised on appeal. This is because a post-conviction motion is not intended to be a substitute for an appeal. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). The general rule has a limited number of exceptions. One of these allows a

1

defendant to file a post-conviction motion if he did not take a direct appeal, provided that he can show that he has cause for the failure to appeal and that he will suffer prejudice if his claims are not heard. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1997) ("An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.") (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).

Defendant says that his failure to appeal is the fault of his counsel, who was ineffective. He does not say that he asked his lawyer to appeal or if he did, what his lawyer said in response. Ordinarily, I would not address his motion until he had submitted an affidavit setting forth the steps he took to appeal. In this case, however, it is evident from the motion that defendant cannot meet the test in Prewitt because he was not prejudiced by any failure to appeal. His claim would never have succeeded.

Defendant contends that federal jurisdiction does not extend to Trempealeau County, Wisconsin and that the federal government cannot prosecute "state" drug crimes. Defendant is wrong. Defendant was prosecuted under 21 U.S.C. § 841, a law that applies throughout the United States. It does not exclude Trempealeau County or the Toads Cove BP gas station at W25128 State Road 54/35 in Centerville, Wisconsin, however much

2

defendant might wish it did. As the Court of Appeals for the Seventh Circuit has explained, "it was within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. §§ 846 and 841." United States v. Westbrook, 125 F.3d 996, 1009 (7th Cir.1997). The creation of those laws was a valid exercise of congressional authority under the commerce clause because local narcotics activities have a substantial effect on interstate commerce. Id.

Defendant's only basis for challenging his conviction is his belief that federal jurisdiction does not extend to drug crimes committed locally. His belief is not supported by the law. Therefore, his motion for post-conviction relief must be denied.

ORDER

IT IS ORDERED that defendant Raymond B. Hunt's motion for post-conviction relief under 28 U.S.C. § 2255 is DENIED.

Entered this 9th day of February, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3

4

Case: 3:09-cv-00065-bbc   Document #: 3   Filed: 02/10/09   Page 4 of 4